# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| BLAKE BOTELER, on behalf of himself and others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>AT&T SERVICES, INC.,<br><br>　　　　Defendant. | Civil Action No. 3:20-cv-512<br><br>JURY DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Blake Boteler ("Plaintiff") files this Collective Action Complaint ("Complaint") against AT&T Services, Inc. ("Defendant"), and in support states the following:

**Nature of this Lawsuit**

1. Defendant employed Plaintiff and other non-management employees (collectively, "Security Employees") to provide physical security protection for Defendant and its personnel at Defendant's headquarters located in downtown Dallas.[1]

2. Defendant paid Plaintiff and other Security Employees on a salary basis.

3. Defendant's Security Employees regularly worked over 40 hours per week.

4. Defendant classified Security Employees as exempt from state and federal overtime laws and did not pay them overtime for all overtime hours worked.

---

[1] *See* https://investors.att.com/resources/contacts (providing that Defendant's headquarters are located at 308 S. Akard Street, Dallas, Texas 75202) (last visited February 25, 2020).

1

5. The security functions primarily performed by Plaintiff and other Security Employees consisted of monitoring camera feeds and patrolling to detect security risks, investigating suspicious activity and potential security risks, acting as the first responder in emergency situations, providing physical protection to Defendant's personnel, and physically examining suspicious mail and packages for hazardous materials (collectively, "Security Work").

6. The Security Work performed by Plaintiff and other Security Employees was non-exempt work.

7. Plaintiff brings this action on behalf of himself and other similarly situated Security Employees, who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in one or more individual workweeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

**The Parties**

8. Plaintiff worked for Defendant under the job title "Lead Analyst-Asset Protection" in Texas from approximately May 2016 to the present.

9. Defendant is a Delaware corporation and has its principal place of business in this District.

**Jurisdiction and Venue**

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claim arises under federal law. *See* 29 U.S.C. § 216(b).

11. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**Factual Allegations**

12. Plaintiff worked as a Security Employee for Defendant.

13. During his employment with Defendant, Plaintiff primarily performed Security Work.

14. During his employment with Defendant, Plaintiff's job duties did not include managing the Defendant's enterprise or a subdivision or recognized department of Defendant's enterprise.

15. During his employment with Defendant, Plaintiff's responsibilities did not include interviewing applicants, selecting new hires, conducting performance evaluations of other employees, setting rates of pay for employees, apportioning work among employees, or creating employee work schedules.

16. During his employment with Defendant, Plaintiff's job duties did not include customarily or regularly directing the work of two or more employees.

17. Rather, Plaintiff was closely supervised and monitored by other employees during his employment, including Defendant's Director of Executive Protection and Employee Travel Security, Billy R. Peek.

18. During his employment with Defendant, Plaintiff did not have the authority to hire, fire, or discipline other authorities.

19. During his employment with Defendant, Plaintiff did not have responsibility to make hiring or firing recommendations.

20. During his employment, Plaintiff never made a hiring, firing, advancement, or promotion recommendation that Defendant followed by hiring, firing, advancing, or promoting another employee.

21. During his employment with Defendant, Plaintiff had no role or involvement in creating or changing Defendant's policies or procedures.

22. During his employment, Plaintiff was required to follow Defendant's policies and procedures in performing his Security Work.

23. During his employment with Defendant, Plaintiff's primary job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

24. Defendant suffered and permitted Plaintiff to work over 40 hours in one or more individual workweeks during the last three (3) years.

25. During his employment with Defendant, Plaintiff worked over 40 hours in one or more individual workweeks during the last three (3) years.

26. Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA.

27. Defendant paid Plaintiff a salary.

28. Defendant paid Plaintiff the same amount of compensation each week regardless of the number of hours he worked each week during his employment.

29. When Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff overtime at one-and-one-half times his regular rate of pay.

30. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

31. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

32. Defendant has more than $500,000 in sales made or business done in each of the last three calendar years.

33. During his employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

34. During his employment, Defendant was Plaintiff's "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

**Collective Action Allegations**

35. Plaintiff brings his FLSA claim as a collective action.

36. Plaintiff's consent form to participate in the collective action is attached.

37. The collective action is defined as follows:

All individuals employed by Defendant as Security Employees in Dallas, Texas in the last three years who were paid a salary and classified as exempt from overtime ("Collective Action Members").

38. Plaintiff and the Collective Action Members are similarly situated because they were paid in the same manner and performed the same primary job duties.

39. In the last three years, Defendant employed individuals who performed the same primary job duties as Plaintiff.

40. Of Defendant's employees who performed the same primary job duties as Plaintiff in the last three years, Defendant classified some or all of them as exempt from the overtime provisions of the FLSA and paid them a salary.

41. Of employees classified as exempt who performed the same primary job duties as Plaintiff in the last three years, some or all worked over 40 hours in individual workweeks.

42. Defendant maintained one or more common job descriptions for Collective Action Members.

43. Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

44. Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

45. Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

46. Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime wages.

## COUNT I
### Violation of the Fair Labor Standards Act

47. Plaintiff incorporates here the previous allegations of this Complaint.

48. This count arises from Defendant's violation of the FLSA by failing to pay overtime wages to Plaintiff and the Collective Action Members when they worked over 40 hours in individual workweeks.

49. Plaintiff was not exempt from the overtime provisions of the FLSA.

50. The Collective Action Members were not exempt from the overtime provisions of the FLSA.

51. Plaintiff was directed by Defendant to work, and he did work, more than 40 hours in one or more individual workweeks.

52. Other Collective Action Members were directed by Defendant to work, and did work, more than 40 hours in one or more individual workweeks.

53. Defendant paid Plaintiff a salary and no overtime compensation.

54. Defendant paid other Collective Action Members a salary and no overtime compensation.

55. Defendant violated the FLSA by failing to pay overtime wages to Plaintiff at one-and-one-half times his regular rate of pay when he worked over 40 hours in one or more individual workweeks.

56. Defendant violated the FLSA by failing to pay overtime wages to other Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

57. Defendant's failure to pay Plaintiff and other Collective Action Members one-and-one-half times their regular rates for all time worked over 40 hours in a workweek was willful.

WHEREFORE, Plaintiff, on behalf of himself and the Collective Action Members, seeks a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiff and the Collective Action Members;

B.  Liquidated damages equal to the unpaid overtime compensation due; or in the absence of liquidated damages, prejudgment interest on the amount of overtime wages due;

C.  Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

D.  Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiff demands a trial by jury.

Respectfully submitted,

By: Jack Siegel
One of Plaintiff's Attorneys

| Travis M. Hedgpeth<br>The Hedgpeth Law Firm, PC<br>3050 Post Oak Blvd.<br>Suite 510<br>Houston, Texas 77056<br>Tel: (281) 572-0727<br>travis@hedgpethlaw.com | Jack Siegel<br>Siegel Law Group PLLC<br>4925 Greenville Avenue \| Suite 600<br>Dallas, Texas 75206<br>Tel: (214) 790-4454<br>jack@siegellawgroup.biz |
|---|---|

**CERTIFICATE OF SERVICE**

This is the Original Complaint. Service of this Complaint will be made on Defendant with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

/s/ Jack Siegel
**JACK SIEGEL**